IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| NATIONWIDE MUTUAL INS. CO, )<br>As Subrogee of William White )<br>)<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>DEFENDANT. ) | Civil Action No.: 2:10cv382 |

FILED
AUG - 2 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## COMPLAINT

COMES NOW Nationwide Mutual Insurance Company ("Nationwide") as Subrogee of William White, by counsel, and state the following as its Complaint against defendant:

1. This action is for negligent damage to an automobile which is owned by William White and which is insured by Nationwide Mutual Insurance Company.

## JURISDICTION

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 2401(b) because this is a suit against the United States of America and such suit may only be heard by a federal court.

## PARTIES

3. Nationwide Mutual Insurance Company is an insurance company licensed to do business in the Commonwealth of Virginia.

4. William White is a resident of the Commonwealth of Virginia. He resides in the City of Smithfield, Virginia.

5. The United States Department of Transportation is an independent establishment of the executive branch of the government of the United States.

## VENUE

6. The venue of this action is based on 28 U.S.C. §1402 (a) because jurisdiction is founded upon the Federal Tort Claims Act and is against the United States of America. This action is brought within a judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred and in which plaintiff resides and/or conducts business.

7. Furthermore, venue is appropriate because Nationwide has exhausted all administrative procedure notifications requirements under the Federal Tort Claims Act, and the U.S. Department of Transportation has denied its claim. In support of said allegations, the following factual information is offered. Nationwide notified the U.S. Department of Transportation via certified mail of the claim that Nationwide had against the U.S. Department of Transportation, attached hereto as Exhibit A. Nationwide filled out Standard Form 95 (SF 95), attached hereto as Exhibit B and sent such form to the U.S. Department of Transportation with supporting documentation. The U.S. Department of Transportation denied Nationwide's claim, attached as Exhibit C. The U.S. Department of Transportation again denied Nationwide's claim, attached as Exhibit E.

## STATEMENT OF FACTS

7. Nationwide issued a policy to William White which is numbered 53 45 B 671189. Said policy was in full force and effect at the time of the events complained of herein. Said policy was for a 1997 Jeep Cherokee with VIN number 1JFJ68S6VL574764.

8. On or about January 28, 2009, WilliamWhite was lawfully operating his vehicle and traveling southbound on Diamond Springs Road in the City of Virginia Beach, Virginia approaching the intersection with Bayside Road.

9. At the same time and near the same place, Gary Milton Chittum, an employee of the defendant, was operating a U.S. Department of Transportation vehicle in the scope of his employment.

10. Mr. White had a green light and proceeded through the intersection.

11. Gary Milton Chittum made a left turn from northbound diamond Springs Road on to westbound Bayside Road when he did not have a Green left turn arrow, which caused him to collide with Mr. White's vehicle.

12. Mr. Chittum was negligent in that he

    (a) Failed to maintain a proper lookout, and/or

    (b) Failed to yield the right of way, and/or

    (c) Failed to maintain proper control of his vehicle, and/or

    (d) Operated said vehicle without keeping a reasonable lookout for other vehicles that would affect his driving and to see what a reasonable person would have seen, and to act as a reasonable person would have acted to avoid the collision, and/or

    (e) Operated said vehicle upon a highway or area at a speed greater than is reasonable and prudent under the conditions then existing, and/or

(f) Although defendant's employee Gary Milton Chittum had ample opportunity to do so, and although he saw or in the exercise of reasonable diligence should have seen that it was necessary for him to take action to avoid the collision, he nevertheless took no action whatsoever to bring said vehicle under proper control, and to avoid the collision, and/or

(g) By some combination of the preceding paragraphs, operated said vehicle in an otherwise negligent manner as will be proven at the trial of this action.

13. The collision as described herein was proximately caused by the negligence, recklessness and carelessness of the defendant's employee. As defendant was in the course and scope of his employment, defendant is vicariously liable for its employee's negligence, recklessness and carelessness under the doctrine of *respondeat superior*.

14. As a result of the negligence, recklessness and carelessness of defendant's employee, Nationwide was caused to pay pursuant to the aforementioned insurance policy, the amount of $2,810.08.

WHEREFORE Nationwide Mutual Insurance Company, as Subrogee of William White prays for judgment against the defendant in the amount of $2,810.08.

Respectfully submitted,

Nationwide Mutual Insurance Company,
as subrogee of William White,

By _____
    Of Counsel
Ed R. Atkinson, Esquire
(Va. State Bar No. 76474)
Robey, Teumer, Drash, Kimbrell & Counts
999 Waterside Drive, Suite 2025
Norfolk, VA 23510
(757) 624-9649
(757) 624-9725 – FAX
Counsel for plaintiff
atkinse5@nationwide.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on this \_\_30\_\_ day of \_\_July\_\_, ~~2006~~ 2010, to the following:

Eric Holder, Esquire
Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001.

Susan L. Watt, Esquire
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510-1624

_____
Ed. R. Atkinson